UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KENNETH G. CHARRON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-722-SNLJ |
| ) | |
| **MIGUEL PANIAGUA, et al.,** ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM and ORDER

Plaintiff Kenneth Charron and defendant Larry Allen jointly filed a motion to clarify this Court's summary judgment ruling. [Doc. 100.] On remand from the United States Court of Appeals for the Eighth Circuit, defendant filed for summary judgment on plaintiff's deliberate indifference and retaliation claims based on plaintiff's failure to exhaust his administrative remedies before bringing suit. Plaintiff had filed four relevant Informal Resolution Requests, one each in 2015, 2016, 2017, and 2018. This Court concluded that plaintiff had not exhausted his administrative remedies with respect to claims related to his IRRs from 2016 and 2018 (i.e., retaliation and claims related to cancellation of plaintiff's renal diet in 2018), but that plaintiff had exhausted his administrative remedies with respect to plaintiff's 2017 IRR (related to Allen's interference with plaintiff's physician-ordered diet). [Doc. 99.] The parties have moved to clarify what remains of a deliberate indifference claim related to plaintiff's 2015 IRR.

Plaintiff filed his 2015 IRR on July 2, 2015, stating that defendant Allen had interfered with plaintiff's medical diet by ordering meat be substituted with beans at his

1

meals.  Defendant admits in his summary judgment motion [Doc. 83 at 4] that plaintiff exhausted the bean-related claims, but defendant successfully argued that plaintiff had not exhausted the retaliation claims that he raised later in the grievance process.

In 2014, plaintiff had been on a renal diet following removal of his right kidney.  In November, a nonparty discontinued the renal diet because his renal function was stable, but plaintiff remained on a "bland diet" – and that diet was increased to double portions.  Plaintiff filed an IRR on July 2, 2015 stating that defendant Allen had interfered with plaintiff's medical diet by ordering meat be substituted with beans at his meals.  Less than two weeks later, on July 15, a nonparty ordered plaintiff's diet switched back to a renal diet.  On August 27, 2015, plaintiff receives a response to IRR 15-701 explaining beans are acceptable at all meals on his bland diet and recommending he have it changed to a renal diet to better suit his needs.  On August 29, plaintiff filed a grievance for IRR 15-701, claiming for the first time that defendant Allen's wife (a nurse at the facility) had deleted Dr. Cabrera's renal diet order and concluding that the Allens' actions were in retaliation for filing the IRR.  Plaintiff's grievance appeal claimed an unknown person had deleted more of his medical records in retaliation for filing the prior IRR and grievance.  The prison's response to the grievance appeal reflects that plaintiff is currently on a renal diet and that he had not provided any additional evidence to support his claim.

As this Court already held, any claim of retaliation against defendant Allen raised in the course of this IRR/grievance process was not exhausted, as he raised retaliation claims only in the second and third stages of the process.  The parties request clarification regarding what became of plaintiff's beans-substitution claim, stated in the first stage of

2

the process, that Allen was deliberately indifferent to plaintiff's bland diet by serving him beans in place of meat.

Plaintiff's complaint includes the following statements about beans:

> On or about 06/26/15, Defendant Larry Allen ordered that I be given beans two (2) times a day, and no meat as my Medical Diet. Sometimes he would given [*sic*] me beans three ( 3) times a day with no meat. When I asked Cook Fay Richerson, what is he doing, she told me, "he's trying to get you guys off of the special diets".

[Doc. 10 at 8.]  Plaintiff pleads that his 2015 grievance claimed "retaliation by Larry Allen and his wife because I filed on Larry Allen for giving me beans two to three times a day as my Medical Diet."  [Doc. 1 at 10.]

Any standalone claim related to the beans substitution is puzzling.  First, defendant states in his memorandum in support of summary judgment that plaintiff's "July 2015 grievance only exhausts the claim that Allen was deliberately indifferent to his bland diet." [Doc. 83 at 4.]  Defendant thus, apparently, waives any exhaustion defense with respect to the bean substitution claims.  This is surprising because it does not appear to this Court that any beans substitution claim was exhausted.  Plaintiff raised the beans substitution in his IRR [Doc. 84-2].  Then, in his grievance, he complained that a doctor and not defendant should make diet decisions, and plaintiff added retaliation allegations.  [*Id.*]  Finally, in plaintiff's grievance appeal, plaintiff complained that someone had deleted his medical records, including his medical restrictions.  [*Id.*]  It is not clear whether plaintiff continued to receive beans during this time, especially because plaintiff was switched to a renal diet less than two weeks after filing his IRR.  It is also entirely unclear what damage plaintiff allegedly suffered during the time he did receive beans.  This underscores one reason behind the exhaustion

3

requirement, as it serves to "improv[e] litigation that does occur by leading to the preparation of a useful record." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

Next, although plaintiff's beans-substitution allegations appear to lay a foundation for plaintiff's (unexhausted) retaliation claim, defendant couches plaintiff's claim as being that defendant's substitution of beans constituted deliberate indifference to his bland diet. "A plaintiff may demonstrate violation of his constitutional rights by evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (internal quotation omitted).  For his part, plaintiff accepts this characterization.  Plaintiff says that there is "no doubt" that he has a serious medical need because he has "a history of digestive and gastrointestinal issues, for which he has been prescribed a special medical diet since 2002." [Doc. 91 at 12.]  To the extent plaintiff contends that his prescription for a "renal diet" categorically demonstrates his serious medical need, though, it is uncontroverted that the prison medical staff policy was that only prisoners on dialysis were to be on renal diets.  Plaintiff's claim has always appeared to hinge on his contention that defendant sought to remove plaintiff from his renal diet—but it is uncontroverted that plaintiff was <u>not</u> supposed to be on a special renal diet.  It is thus unclear why defendant should not be granted summary judgment on claims related to that matter.

To the extent the substitution of beans for meat on plaintiff's bland diet plan forms the basis of a claim of deliberate indifference, this Court agrees that summary judgment should be granted to defendant.  Plaintiff complains that the record on this matter is incomplete, but this Court disagrees.  Defendant offers evidence that dried beans are an approved meat alternative and that beans do not constitute an irritating or stimulating food.

4

Defendant cites the IRR response and plaintiff's medical records in support.  Although plaintiff contends that defendant was not authorized to make changes to plaintiff's diet, defendant's serving beans to plaintiff did not change plaintiff's diet status.  Plaintiff was on a bland diet, and defendant was tasked with choosing foods that complied with the physician-ordered "bland diet."  The defendant's evidence supports that the beans complied with the requirements for a "bland diet," and plaintiff's evidence does not contradict it.  Plaintiff did not allege or later explain how the beans did not comply with "bland diet" requirements, nor did plaintiff even explain how he was injured by the beans.  Plaintiff contends defendant could not make substitutions for his bland diet, relying on the MDOC Renal Diet menu—which explicitly disallows substitutions—to support that argument.  But it is uncontroverted that plaintiff was on a bland diet, not a renal diet, at the time of the substitution.

"To demonstrate a constitutional violation, [plaintiff] must show that the defendants were deliberately indifferent to his nutritional needs, that is, failed to act despite…knowledge of a substantial risk of serious harm." *Ingrassia*, 825 F.3d at 897 (internal quotation omitted).  Plaintiff did not even allege in his complaint that defendant knew of and disregarded a substantial risk of serious harm that was posed by substitution of beans for meat at meals, much less has plaintiff offered evidence to support such a claim now.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion to clarify is GRANTED.

**IT IS FURTHER ORDERED** that, to the extent plaintiff has articulated a claim pertaining to bean substitution, SUMMARY JUDGMENT is GRANTED to defendant on that claim.

Dated this 24th day of April, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE